JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Viola Giles

## DEFENDANTS

Philadelphia Housing Authority

**(b)** County of Residence of First Listed Plaintiff __Philadelphia__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Philadelphia__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas Sacchetta, Esquire
308 East Second Street
Media, PA 19063

Attorneys *(If Known)*
John P. Gonzales, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Ste. 2300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
Plaintiff alleges violations of her Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 based on an alleged sexual assault.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
Jun 25, 2021

SIGNATURE OF ATTORNEY OF RECORD
John P. Gonzales, Esquire   *John P. Gonzales 6/25/21*

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1635 N. Marshall Street, Apt. B, Philadelphia,PA 19122 _____

Address of Defendant: _____ 2013 Ridge Avenue, Philadelphia, PA 19121 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/25/2021 _____ *John M Gonzales /s/* _____ 71265 _____
_____ Must sign here _____
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____ _____ Sign here if applicable _____ _____
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Viola Giles** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **Philadelphia Housing Authority, et al** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.                                    ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                  ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                     ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks.             (x)

| | | |
|---|---|---|
| | *John P. Gonzales* | Defendants |
| Date 6/25/2021 | Attorney-at-law | Attorney for PHA defendants |
| | John P. Gonzales | |
| 215-575-2871 | 215-575-0856 | jpgonzales@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See § 1.02(e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

VIOLA GILES                                          :
             Plaintiff,                       :
      vs.                                         :
                                 :
PHILADELPHIA HOUSING AUTHORITY :          Civil Action No.
PHILADELPHIA HOUSING AUTHORITY :
POLICE DEPARTMENT, PHILADELPHIA :
HOUSING AUTHORITY DEVELOPMENT :
CORPORATION, PHILADELPHIA         :
HOUSING AUTHORITY                         :
HOMEOWNERSHIP CORPORATION,      :
PHILADELPHIA HOUSING AUTHORITY :
BOARD OF COMMISSIONERS,             :
JOE DOE AS THE ADMINISTRATOR/     :
EXECUTOR OF THE ESTATE OF            :
ANTHONY KAMEDULA AND                 :
JANE DOE AS THE ADMINISTRATRIX/ :
EXECUTRIX OF THE ESTATE OF          :
ANTHONY KAMEDULA, JOHN DOE        :
AND JANE DOE                                     :
             Defendants.                    :

---

VIOLA GILES                                          :          COURT OF COMMON PLEAS
             Plaintiff,                       :          PHILADELPHIA COUNTY
      vs.                                         :
                                 :          MAY TERM, 2021
PHILADELPHIA HOUSING AUTHORITY :          NO. 02405
PHILADELPHIA HOUSING AUTHORITY :
POLICE DEPARTMENT, PHILADELPHIA :          JURY DEMAND
HOUSING AUTHORITY DEVELOPMENT :
CORPORATION, PHILADELPHIA         :
HOUSING AUTHORITY                         :
HOMEOWNERSHIP CORPORATION,      :
PHILADELPHIA HOUSING AUTHORITY :
BOARD OF COMMISSIONERS,             :
JOE DOE AS THE ADMINISTRATOR/     :
EXECUTOR OF THE ESTATE OF            :
ANTHONY KAMEDULA AND                 :
JANE DOE AS THE ADMINISTRATRIX/ :
EXECUTRIX OF THE ESTATE OF          :
ANTHONY KAMEDULA, JOHN DOE        :

AND JANE DOE                          :
                   Defendants.        :

---

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendants, Philadelphia Housing Authority, Philadelphia Housing Authority Police Department, Philadelphia Housing Authority Development Corporation, Philadelphia Housing Authority Homeownership Corporation, Philadelphia Housing Authority Board of Commissioners, by and through their attorney, Marshall Dennehey Warner Coleman & Goggin, hereby remove the above-captioned case to this Honorable Court and provides notice of same to counsel representing the Plaintiff. In support of the removal, Defendants avers as follows:

1. On May 28, 2021, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania against Defendants, Philadelphia Housing Authority, Philadelphia Housing Authority Police Department, Philadelphia Housing Authority Development Corporation, Philadelphia Housing Authority Homeownership Corporation, and Philadelphia Housing Authority Board of Commissioners (collectively referred to as "Defendants"), and several John/Jane Does, styled *Viola Giles v. Philadelphia Housing Authority, et al.*, No. 2021-002655. *See* Plaintiff's Complaint, attached hereto as Exhibit "A."

2. Defendants were served with Plaintiff's Complaint on June 7, 2021.

3. As Defendants were served on June 7, 2021, Defendants have not yet filed an Answer or other response to the Complaint. In filing this Notice of Removal, Defendants do not waive any defense or counterclaim that may be available to them.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of June 7, 2021, when Defendants were served with the Complaint.

5.  Defendants invoke federal question jurisdiction through the alleged violation of 42 U.S.C. § 1983.

6.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, and the action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441. The allegations set forth in the Complaint render this action a civil action arising under the Constitution, laws or treatises of the United States.

7.  Pursuant to 28 USC §1367(a), this Court has supplemental jurisdiction over the remaining causes of action that are not within the original jurisdiction of the Court because the remaining claims form the same case and/or controversy as the claims within the original jurisdiction of the Court.

8.  Written notice of this filing will be given to Plaintiff. Also, as required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will also be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, the court in which the State Court Action was filed.

**WHEREFORE**, Defendants, Philadelphia Housing Authority, Philadelphia Housing Authority Police Department, Philadelphia Housing Authority Development Corporation, Philadelphia Housing Authority Homeownership Corporation, and Philadelphia Housing Authority Board of Commissioners, respectfully request that the above action, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed therefrom and proceed in this Court as an action duly removed.

3

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


Date: June 25, 2021          BY:_____

JOHN P. GONZALES, ESQUIRE
*Attorney for Defendants,*
*Philadelphia Housing Authority*
*Philadelphia Housing Authority*
*Police Department, Philadelphia Housing*
*Authority Development Corporation, Philadelphia*
*Housing Authority Homeownership Corporation,*
*Philadelphia Housing Authority Board of*
*Commissioners*

4

## CERTIFICATION

I, John P. Gonzales, Esquire, hereby certify that the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

Date: __June 25, 2021__          BY:_____

JOHN P. GONZALES, ESQUIRE
*Attorney for Defendants,*
*Philadelphia Housing Authority*
*Philadelphia Housing Authority*
*Police Department,*
*Philadelphia Housing Authority*
*Development Corporation, Philadelphia*
*Housing Authority Homeownership*
*Corporation, Philadelphia Housing*
*Authority Board of Commissioners*

4

MARSHALL DENNEHEY WARNER
    COLEMAN & GOGGIN
BY:    JOHN P. GONZALES, ESQUIRE
ATTY. ID. NO. 71265
2000 MARKET STREET, STE. 2300
PHILADELPHIA, PA 19103
(215) 575-2871
jpgonzales@mdwcg.com

ATTORNEY FOR DEFENDANTS
PHILADELPHIA HOUSING
AUTHORITY, PHILADELPHIA
HOUSING AUTHORITY POLICE
DEPARTMENT, PHILADELPHIA
HOUSING AUTHORITY
DEVELOPMENT CORPORATION,
PHILADELPHIA HOUSING
AUTHORITY HOMEOWNERSHIP
CORPORATION, PHILADELPHIA
HOUSING AUTHORITY BOARD OF
COMMISSIONERS

| | |
|---|---|
| VIOLA GILES        : | COURT OF COMMON PLEAS |
|            : | PHILADELPHIA COUNTY |
| vs.           : | |
|            : | MAY TERM, 2021 |
| PHILADELPHIA HOUSING AUTHORITY: | NO. 02405 |
| PHILADELPHIA HOUSING AUTHORITY: | |
| POLICE DEPARTMENT, PHILADELPHIA: | JURY DEMAND |
| HOUSING AUTHORITY DEVELOPMENT: | |
| CORPORATION, PHILADELPHIA   : | |
| HOUSING AUTHORITY        : | |
| HOMEOWNERSHIP CORPORATION,  : | |
| PHILADELPHIA HOUSING AUTHORITY: | |
| BOARD OF COMMISSIONERS,    : | |
| JOE DOE AS THE ADMINISTRATOR/  : | |
| EXECUTOR OF THE ESTATE OF    : | |
| ANTHONY KAMEDULA AND      : | |
| JANE DOE AS THE ADMINISTRATRIX/: | |
| EXECUTRIX OF THE ESTATE OF    : | |
| ANTHONY KAMEDULA, JOHN DOE   : | |
| AND JANE DOE         : | |

## **CERTIFICATE OF SERVICE**

      I, John P. Gonzales, Esquire, hereby certify that a true and correct copy of the foregoing

Notice of Removal was served upon the following party via electronic mail, on the below date:

Thomas Sacchetta, Esquire
308 East Second Street
Media, PA 19063
Attorney for Plaintiff

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____
       JOHN P. GONZALES, ESQUIRE
       Attorney for Defendants,
       Philadelphia Housing Authority
       Philadelphia Housing Authority
       Police Department,
       Philadelphia Housing Authority
       Development Corporation, Philadelphia
       Housing Authority Homeownership
       Corporation, Philadelphia Housing
       Authority Board of Commissioners

Date:  June 25, 2021

LEGAL/139287227.v1

# EXHIBIT A

*21-053*

## Court of Common Pleas of Philadelphia County
### Trial Division
# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **MAY 2021** |
| E-Filing Number: 2105054674 |
| **002655** |

**PLAINTIFF'S NAME**
VIOLA GILES

**DEFENDANT'S NAME**
PHILADELPHIA HOUSING AUTHORITY

**PLAINTIFF'S ADDRESS**
1635 N. MARSHALL STREET, APT B
PHILADELPHIA PA 19122

**DEFENDANT'S ADDRESS**
2013 RIDGE AVENUE
PHILADELPHIA PA 19121          JUN - 7 2021

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
PHILADELPHIA HOUSING AUTHORITY POLICE
DEPARTMENT

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
2013 RIDGE AVENUE,
PHILADELPHIA PA 19121

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
PHILADELPHIA HOUSING AUTHORITY DEVELOPMENT
CORPORATION

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
2013 RIDGE AVENUE
PHILADELPHIA PA 19121

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 8 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal |
| | | [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration        [ ] Mass Tort           [ ] Commerce          [ ] Settlement
[X] Jury               [ ] Savings Action      [ ] Minor Court Appeal [ ] Minors
[ ] Non-Jury           [ ] Petition            [ ] Statutory Appeals  [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**
2B - ASSAULT, BATTERY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED**
**PRO PROTHY**

MAY **28** 2021

**M. RUSSO**

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES          NO

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>VIOLA GILES</u>

Papers may be served at the address set forth below.

**NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**
THOMAS F. SACCHETTA

**ADDRESS**
308 EAST SECOND STREET
MEDIA PA 19063

**PHONE NUMBER**
(610)891-9212

**FAX NUMBER**
(610)891-7190

**SUPREME COURT IDENTIFICATION NO.**
46834

**E-MAIL ADDRESS**
tom@sbattorney.com

**SIGNATURE OF FILING ATTORNEY OR PARTY**
THOMAS SACCHETTA

**DATE SUBMITTED**
Friday, May 28, 2021, 03:08 pm

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. PHILADELPHIA HOUSING AUTHORITY
   2013 RIDGE AVENUE
   PHILADELPHIA PA 19121
2. PHILADELPHIA HOUSING AUTHORITY POLICE DEPARTMENT
   2013 RIDGE AVENUE,
   PHILADELPHIA PA 19121
3. PHILADELPHIA HOUSING AUTHORITY DEVELOPMENT CORPORATION
   2013 RIDGE AVENUE
   PHILADELPHIA PA 19121
4. PHILADELPHIA HOUSING AUTHORITY HOMEOWNERSHIP CORPORATION
   2013 RIDGE AVENUE,
   PHILADELPHIA PA 19121
5. PHILADELPHIA HOUSING AUTHORITY BOARD OF COMMISSIONERS
   2013 RIDGE AVENUE,
   PHILADELPHIA PA 19121
6. JANE DOE
   CITY HALL
   PHILADELPHIA PA 19107
7. JOHN DOE
   CITY HALL
   PHILADELPHIA PA 19107
8. JOHN DOE
   CITY HALL
   PHILADELPHIA PA 19107

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

This is not an arbitration matter. A Jury trial by the
is demanded. An assessment of damages Records
hearing is not required 28 May 2021 03:   pm

Attorney for plaintiff

| | |
|---|---|
| VIOLA GILES : | COURT OF COMMON PLEAS |
| 1635 N. Marshall Street, Apt. B : | PHILADELPHIA COUNTY, PA |
| Philadelphia, PA 19122 : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | NO. |
| PHILADELPHIA HOUSING AUTHORITY: | |
| 2013 Ridge Avenue, | |
| Philadelphia, PA 19121 : | |
| and : | |
| PHILADELPHIA HOUSING AUTHORITY : | |
| POLICE DEPARTMENT : | |
| 2013 Ridge Avenue, | |
| Philadelphia, PA 19121 : | |
| and : | |
| PHILADELPHIA HOUSING AUTHORITY : | |
| DEVELOPMENT CORPORATION : | |
| 2013 Ridge Avenue, | |
| Philadelphia, PA 19121 : | |
| and : | |
| PHILADELPHIA HOUSING AUTHORITY : | |
| HOMEOWNERSHIP CORPORATION : | |
| 2013 Ridge Avenue, | |
| Philadelphia, PA 19121 : | |
| and : | |
| PHILADELPHIA HOUSING AUTHORITY : | |
| BOARD OF COMMISSIONERS : | |
| 2013 Ridge Avenue, | |
| Philadelphia, PA 19121 : | |
| and : | |
| JOHN DOE AS THE ADMINISTRATOR/ : | |
| EXECUTOR OF THE ESTATE OF : | |
| ANTHONY KAMEDULA : | |
| (FICTITIOUS NAME) : | |
| and : | |
| JANE DOE AS THE ADMINISTRATRIX/ : | |
| EXECUTRIX OF THE ESTATE OF : | |

Case ID: 210502655

ANTHONY KAMEDULA         :
(FICTITIOUS NAME)         :
    and                       :
JOHN DOE (FICTITIOUS NAME)   :
              Defendants  :

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una compareencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.** | **LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.** |
| Philadelphia County Bar Association<br>Lawyers Referral and Information Service<br>1 Reading Center<br>Philadelphia, PA 19107<br>[215] 238-1701 | Asociacion De Licenciados De Filadelfia<br>Servicio De Referencia E Informacion Lega<br>One Reading Center<br>Filadelfia,Pennsylvania 19107<br>Telef.: [215] 238-1701 |

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial
is demanded. An assessment of damages
hearing is not required.*

Attorney for plaintiff

| | | |
|---|---|---|
| VIOLA GILES<br>1635 N. Marshall Street, Apt. B<br>Philadelphia, PA 19122 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA |
| Plaintiff | : | |
| | : | |
| v. | : | NO. |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | |
| 2013 Ridge Avenue, | : | |
| Philadelphia, PA 19121 | : | |
| and | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | |
| POLICE DEPARTMENT | : | |
| 2013 Ridge Avenue, | : | |
| Philadelphia, PA 19121 | : | |
| and | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | |
| DEVELOPMENT CORPORATION | : | |
| 2013 Ridge Avenue, | : | |
| Philadelphia, PA 19121 | : | |
| and | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | |
| HOMEOWNERSHIP CORPORATION | : | |
| 2013 Ridge Avenue, | : | |
| Philadelphia, PA 19121 | : | |
| and | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | |
| BOARD OF COMMISSIONERS | : | |
| 2013 Ridge Avenue, | : | |
| Philadelphia, PA 19121 | : | |
| and | : | |
| JOHN DOE AS THE ADMINISTRATOR/ | : | |
| EXECUTOR OF THE ESTATE OF | : | |
| ANTHONY KAMEDULA | : | |
| (FICTITIOUS NAME) | : | |
| and | : | |
| JANE DOE AS THE ADMINISTRATRIX/ | : | |
| EXECUTRIX OF THE ESTATE OF | : | |
| ANTHONY KAMEDULA | : | |
| (FICTITIOUS NAME) | : | |

and                                                  :
JOHN DOE (FICTITIOUS NAME)                            :
                         Defendants                   :

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff by and through her attorney, Thomas F. Sacchetta, Esquire, and avers as follows:

1.     Plaintiff, Viola Giles, is an adult individual whose address is 1635N. Marshall Street, Apt. B, Philadelphia, PA 19122.

2.     Defendant, Philadelphia Housing Authority, is, upon information and belief, a municipality, corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania that owns, operates, controls, manages, and/or promulgates policies governing the Philadelphia area and housing, with an address at 2103 Ridge Avenue, Philadelphia, PA 19121.

3.     Defendant, Philadelphia Housing Authority Police Department, is, upon information and belief, a municipality, corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania that owns, operates, controls, manages, and/or promulgates policies governing the Philadelphia area and housing, with an address at 2103 Ridge Avenue, Philadelphia, PA 19121.

4.     Defendant, Philadelphia Housing Authority Development Corporation, is, upon information and belief, a municipality, corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania that owns, operates, controls, manages, and/or promulgates policies governing the Philadelphia area and housing, with an address at 2103 Ridge Avenue, Philadelphia, PA 19121.

5.     Defendant, Philadelphia Housing Authority Homeownership Corporation, is, upon

Case ID: 210502655

information and belief, a municipality, corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania that owns, operates, controls, manages, and/or promulgates policies governing the Philadelphia area and housing, with an address at 2103 Ridge Avenue, Philadelphia, PA 19121.

      6.      Defendant, Philadelphia Housing Authority Board of Commissioners, is, upon information and belief, a municipality, corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania that owns, operates, controls, manages, and/or promulgates policies governing the Philadelphia area and housing, with an address at 2103 Ridge Avenue, Philadelphia, PA 19121.

      7.      Defendant, John Doe as the administrator / executor of the estate of Anthony Kamedula being fictitious designation for the administrator/executory of the estate of Anthony Kamedula who is deceased, is being sued as a claim against Anthony Kamedula was not brought against him during his lifetime and therefore the claim is properly being brought against his estate naming his administrator/executor whose identity is/are presently unknown to plaintiff after plaintiff has conducted a reasonable search with due diligence. A reasonable search to determine the actual name has been conducted.

      8.      Defendant, Jane Doe as the administratrix / executrix of the estate of Anthony Kamedula being fictitious designation for the administrator/executory of the estate of Anthony Kamedula who is deceased, is being sued as a claim against Anthony Kamedula was not brought against him during his lifetime and therefore the claim is properly being brought against his estate naming his administratrix/executrix whose identity is presently unknown to plaintiff after plaintiff has conducted a reasonable search with due diligence. A reasonable search to determine the actual name has been conducted.

Case ID: 210502655

9.      Defendant, John Doe, is a fictitious entity who was responsible for the actions of
Anthony Kamedula as further detailed in this complaint whose identity is presently unknown to
plaintiff after plaintiff has conducted a reasonable search with due diligence. A reasonable search
to determine the actual name has been conducted.

10.     At all times relevant hereto, Anthony Kamedula, was an employee of and working
under color of law for defendants, Philadelphia Housing Authority, Philadelphia Housing
Authority Police Department, Philadelphia Housing Authority Development Corporation,
Philadelphia Housing Authority Homeownership Corporation, Philadelphia Housing Authority
Board of Commissioners, and/or John Doe and was their agent, servant, workman or employee.
Previously named defendants were responsible for his actions.

11.     This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth
Amendments to the Constitution of the United States of America, and the laws of
Commonwealth of Pennsylvania.

12.     On or about May 28, 2019, Anthony Kamedula, in his capacity as an officer for
Philadelphia Housing Authority, Philadelphia Housing Authority Police Department,
Philadelphia Housing Authority Development Corporation, Philadelphia Housing Authority
Homeownership Corporation, Philadelphia Housing Authority Board of Commissioners, and/or
John Doe came to a scene where plaintiff was present.

13.     At the location, defendant sexually assaulted and raped plaintiff.

14.     Anthony Kamedula used his authority as an officer to direct plaintiff into a
residence, where he sexually assaulted her on multiple occasions and sent plaintiff crude and
inappropriate photograph and other messages.

15.     As a direct and proximate result of the actions of defendants, plaintiff suffered the

following injuries and damages, including but not limited to, violation of her constitutional rights under the Constitution, severe physical pain and suffering, humiliation, mental anguish, fear, and physical injuries requiring medical treatment.

## COUNT I - 42 U.S.C. § 1983

### Plaintiff v. Philadelphia Housing Authority, Philadelphia Housing Authority Police Department, Philadelphia Housing Authority Development Corporation, Philadelphia Housing Authority Homeownership Corporation, Philadelphia Housing Authority Board of Commissioners, and John Doe

16.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein at length.

17.    This cause of action is brought by plaintiff against defendants for deprivation by its agents, servants, or employees of constitutional rights within the meaning of 42 U.S.C. § 1983.

18.    Anthony Kamedula while acting under color of law, as an authorized agent of defendants, while engaging plaintiff at a scene where PHA police were called, in furtherance of his duties, caused a constitutional deprivation of plaintiff, resulting in her injury.

19.    Defendants violated plaintiff's Fourteenth Amendment rights by failing to properly train and supervise Anthony Kamedula and by failing to school him with regard to appropriate interaction with public without causing deprivation of constitutional rights.

20.    The aforementioned actions were not isolated incidents and defendants have a history of officers sexually assaulting and inappropriately touching individuals.

21.    Prior to the aforementioned date, defendants permitted and tolerated the continued constitutional violations against individuals by officers who were not trained or supervised. This continued lack of training, supervision and oversight caused the injuries to plaintiff.

Case ID: 210502655

22.    The above actions of Anthony Kamedula and the policies of defendants violated plaintiff's constitutional rights.

23.    As a direct and proximate result of the above mentioned unconstitutional acts of Anthony Kamedula, while he was an agent, servant or employee of defendants, plaintiff sustained severe injuries.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally with attorney's fees, costs and pre-judgment interest.  Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, procedures and acts complained of are illegal and unconstitutional.

### COUNT II - 42 U.S.C. § 1983

**Plaintiff v. Defendants, John Doe as the Administrator / Executor of the Estate of Antony Kamedula and/or Jane Doe as the Administratrix / Executrix of the Estate of Anthony Kamedula**

24.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein at length.

25.    This cause of action is brought by plaintiff against herein named defendants for Anthony Kamedula's willful, wanton, and malicious actions under the color of law which deprived plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments.

26.    Anthony Kamedula violated 42 U.S.C. § 1983 by grabbing the body of plaintiff, sexually assaulting her, groping her, forcing her to perform sexual acts on him and other inappropriate conduct.

27.    As a direct and proximate cause of the unconstitutional acts of Anthony Kamedula, plaintiff sustained severe injury.

28.    Anthony Kamedula, while acting in his capacity as an officer for previously

named defendants, and under color of law, willfully, maliciously, and intentionally performed the actions mentioned above.

29.     The intentional, willful, and wanton acts of Anthony Kamedula establish a claim for punitive damages against defendants.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally with attorney's fees, costs and pre-judgment interest.  Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, procedures and acts complained of are illegal and unconstitutional.

## COUNT III

**Plaintiff v. Philadelphia Housing Authority, Philadelphia Housing Authority Police Department, Philadelphia Housing Authority Development Corporation, Philadelphia Housing Authority Homeownership Corporation, Philadelphia Housing Authority Board of Commissioners, and John Doe**

30.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein at length.

31.     Defendants through their employees intentionally caused harm to plaintiff.

32.     The actions of Anthony Kamedula did arouse fear in plaintiff. The aforementioned sexual assault and assault and battery was accomplished without the consent and against the will of plaintiff.

33.     Defendants are vicariously liable for the tortious acts of its employees that were committed within the scope of their employment.

34.     As a direct and proximate result of the acts of defendants, through their employee, Anthony Kamedula, plaintiff sustained severe injury.

35.     As some or all of plaintiff's injuries may be permanent in nature, plaintiff hereby claims future pain, suffering, and medical expenses.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against

Defendants, jointly and severally with attorney's fees, costs and pre-judgment interest. Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, procedures and acts complained of are illegal and unconstitutional. in an amount in excess of Fifty Thousand ($50,000.00) Dollars, including punitive damages, and in an amount in excess of that requiring compulsory arbitration.

## COUNT IV - DEPRIVATION OF SUBSTANTIVE DUE PROCESS

### Plaintiff v. All Defendants

36.     Plaintiff Viola Giles hereby incorporates by reference the preceding paragraphs.

37.     Plaintiff Viola Giles had a fundamental and well-established right to be secure in her person, a right not to be physically assaulted or emotionally brutalized and/or a right to be protected from sexual assault and violence at the hands of the officer.

38.     Defendants' acts and omissions constituted deliberate indifference and callous disregard for Plaintiff's substantive due process rights to bodily integrity and to be free from sexual assault, oppression and violence at the hands of the officer who used, misused, and abused their authority, status and position, which is secrued and protected by the Fourteenth Amendment to the Constitution of the United States, by, and among other things:

(a)     the unlawful sexual assault and violence perpetrated and committed against Plaintiff at the hands of the Defendant Deceased Anthony Kamedula who used, misused, and abused his official position, status and authority as an officer to perpetrate his crimes against Plaintiff.

(b)     the intentional and reckless disregard for citizen complaints regarding Anthony Kamedula's abuse of authority as an officer.

(c)     the development and implementation of reckless policies, practices and/or procedures governing the conduct of officers that inadequately protected innocent citizens, such

Case ID: 210502655

as Plaintiff Viola Giles from sexual assaults and violence perpetrated by rogue and out-of-control officers.

(d)     the intentional and reckless failure of Defendants to preclude, prevent, restrain and/or stop Defendant Kamedula from using, misusing and abusing his official authority, status and position as an officer to effectuate sexual assault of citizens, such as Plaintiff.

(e)     possessing actual and/or constructive knowledge of and acquiescing to Defendant Kamedula's violations for Plaintiff's constitutional and civil rights as described herein.

(f)     the intentional and reckless failure to prevent recurrence of the harm to Plaintiff at the hands of Defendant Kamedula.

(g)     the intentional and reckless failure to properly screen Defendant Kamedula's background and/or verify and re-verify his credentials and fitness to serve as an officer.

(h)     the development and implementation of reckless policies, practices and/or procedures governing the off-duty and/or non-police activities of officers.

(i)     the intentional and reckless failure to properly control, monitor and/or supervise Defendant Kamedula's off-duty and/or non-police activities, including his activities and conduct.

(j)     the development and implementation of reckless policies, practices and/or procedures governing the screening, hiring, discipline and retention of officers who are unfit to serve.

(k)     the development and implementation of reckless policies, practices and/or procedures governing the assignment of unfit police personnel to duties that would result in the likelihood of injury or harm to innocent citizens and others through contact with such police

Case ID: 210502655

personnel.

(l)     the intentional and reckless failure of Defendants to properly train, supervise, monitor and/or control the actions and activities of police officers.

(m)     the development and implementation of reckless policies, practices and/or procedures governing the training, supervision, monitoring and/or control of police officers.

(n)     the intentional and reckless failure of Defendants to properly discipline, reprimand or discharge police officers engaged in crimes, misconduct and/or other actions unbecoming an officer.

(o)     the development and implementation of reckless policies, practices and/or procedures governing the discipline, reprimand and/or discharge of officers engaged in crimes, misconduct and/or other actions unbecoming an officer.

(p)     the intentional and reckless failure to properly oversee, supervise, monitor, control, curtail, or restrain the actions of unfit officers, such as Defendant Kamedula, when Defendants knew or should have known from prior acts of misconduct by Defendant Kamedula posed a serious threat of physical injury and/or harm to innocent citizens.

39.     Defendants' conduct was egregious and shocked the conscience.

40.     The actions and/or inactions of Defendants violated the clearly established and well settled federal constitutional rights of Plaintiff.

41.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered injuries which include but are not limited to, the following: exposure to sexual assault, severe emotional disturbance, shame, embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to

Case ID: 210502655

nerves and nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

42.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

43.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered a significant loss of earnings and impairment of her earning power and capacity.

44.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time into the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally with attorney's fees, costs and pre-judgment interest.  Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, procedures and acts complained of are illegal and unconstitutional.

## COUNT V - FAILURE TO PROPERLY SCREEN, HIRE, SUPERVISE, INVESTIGATE, EDUCATE, TRAIN, DISCIPLINE, DISCHARGE AND/OR CONTROL

### Plaintiff v. All Defendants

45.    Plaintiff Viola Giles hereby incorporates by reference the preceding paragraphs.

46.    Plaintiff had a fundamental and well-established right to be secure in person, a right not to be physically assaulted or emotionally brutalized, and/or a right to be protected from sexual assault and violence at the hands of an officer.

47.    The Defendants' acts and omissions constituted deliberate indifference and

Case ID: 210502655

callous disregard for Plaintiff's substantive due process rights to bodily integrity and to be free from sexual assault, oppression and violence at the hands of police officers who use, misuse, and abuse their authority, status and position which is secured and protected by the Fourteenth Amendment to the Constitution of the United States.

48.     Defendants knew or should have know that Kamedula was abusing his authority as an officer to sexually exploit Plaintiff.

49.     The violation of Plaintiff's substantive due process rights as described above and herein were also caused by the Defendant's refusal and/or failure to properly screen, hire, supervise, investigate, educate, train, discipline, discharge and/or control Defendant Kamedula, or otherwise to properly verify and re-verify his credentials, ability and fitness to serve as a officer.

50.     Defendants' conduct was egregious and shocked the conscience.

51.     The actions and/or inactions of Defendants violated the clearly established and well settled federal constitutional rights of the Plaintiff, Viola Giles.

52.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered injuries which include but are not limited to, the following: exposure to sexual assault, severe emotional disturbance, shame, embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to nerves and nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

53.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has been or will be required to receive and undergo

Case ID: 210502655

medical attention and care and to expend various sums of money and incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

54.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered a significant loss of earnings and impairment of her earning power and capacity.

55.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time into the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally with attorney's fees, costs and pre-judgment interest.  Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, procedures and acts complained of are illegal and unconstitutional.

### COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Plaintiff v. Defendants, John Doe as the Administrator / Executor of the Estate of Antony Kamedula and/or Jane Doe as the Administratrix / Executrix of the Estate of Anthony Kamedula**

56.     Plaintiff Viola Giles hereby incorporates by reference the preceding paragraphs.

57.     As set forth herein, Defendant Kamedula intended his criminal actions to cause harm to Plaintiff.

58.     The harm suffered by Plaintiff was a direct, foreseeable and proximate result of the criminal acts, as described more fully above and herein.

59.     As a direct and proximate result of the intentional infliction of emotional distress inflicted by Defendant Kamedula, Plaintiff has suffered injjires which include, but are not limited to, the following: exposure to sexual assault, severe emotional disturbance, shame,

Case ID: 210502655

embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to nerves and nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

60.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

61.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered a significant loss of earnings and impairment of her earning power and capacity.

62.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time into the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally with attorney's fees, costs and pre-judgment interest.  Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, procedures and acts complained of are illegal and unconstitutional.

## COUNT VII - ASSAULT AND BATTERY

### Plaintiff v. Defendants, John Doe as the Administrator / Executor of the Estate of Antony Kamedula and/or Jane Doe as the Administratrix / Executrix of the Estate of Anthony Kamedula

63.    Plaintiff Viola Giles hereby incorporates by reference the preceding paragraphs.

Case ID: 210502655

64.     Plaintiff was sexually assaulted by Defendant Kamedula, as described more fully above and herein.

65.     At all times relevant times, Defendant Kamedula used, misused, and abused his authority, status and position of power as an officer, and preyed upon Plaintiff, who was vulnerable, in order to commit sex crimes against her.

66.     As set forth herein, the sexual assault by Defendant Kamedula was done wantonly, recklessly and with malicious and premeditated criminal intent and with an absolute disregard for the health, safety and welfare of Plaintiff.

67.     In committing the crimes described herein, Defendant Kamedula committed an offensive, abusive, harmful, illegal, unlawful, immoral and criminal touching of the Plaintiff.

68.     The harm suffered by Plaintiff was a direct, foreseeable and proximate result of the criminal acts, as described more fully above and herein.

69.     As a direct and proximate result of the intentional infliction of emotional distress inflicted by Defendant Kamedula, Plaintiff has suffered injjires which include, but are not limited to, the following: exposure to sexual assault, severe emotional disturbance, shame, embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to nerves and nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

70.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite

Case ID: 210502655

time in the future.

71.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered a significant loss of earnings and impairment of her earning power and capacity.

72.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions Plaintiff has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time into the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally with attorney's fees, costs and pre-judgment interest.  Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, procedures and acts complained of are illegal and unconstitutional.

SACCHETTA & BALDINO

By:     /s/Thomas F. Sacchetta
        THOMAS F. SACCHETTA, ESQUIRE
        Attorney for plaintiff

## **VERIFICATION**

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

/s/Thomas F. Sacchetta

THOMAS F. SACCHETTA

Case ID: 210502655